IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54125-4-II |
| Respondent, | |
| v. | |
| MATTHEW M. PEARSON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Matthew Pearson appeals his conviction for unlawful possession of a controlled substance—methamphetamine. Pearson argues that his conviction for possession of a controlled substance should be vacated on the grounds that RCW 69.50.4013(1) is unconstitutional. The State concedes that Pearson's conviction must be vacated. We agree.

In May 2019, Pearson was convicted of possession of methamphetamine after a bench trial. After Pearson was convicted and sentenced, our Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. 197 Wn.2d at 174.

A defendant cannot be convicted based on a void statute. *See State v. Rice*, 174 Wn.2d 884, 893, 279 P.3d 849 (2012); *see also State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005) (vacating a conviction that was based on a statute that the Supreme Court held was unconstitutional). Consequently, Pearson's conviction for possession of methamphetamine must be vacated.

No. 54125-4-II

We accept the State's concession and remand this case to the trial court to vacate Pearson's conviction for unlawful possession of a controlled substance—methamphetamine.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Sutton, J.

2